**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10561 |
| Plaintiff - Appellee, | D.C. No. 2:98-CR-00365-RCC-BPV-1 |
| v. | |
| SAN JUAN HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10581 |
| Plaintiff - Appellee, | D.C. No. 4:07-CR-01581-RCC-BPV |
| v. | |
| SAN JUAN HERNANDEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 2, 2010
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ and BEA, Circuit Judges, and DUFFY, District Judge.[**]

San Juan Hernandez appeals the 134-month sentence imposed following his guilty pleas to conspiring with intent to distribute and possessing with intent to distribute 132 kilograms of marijuana; and admitting a violation of the terms of his supervised release. Hernandez argues that his sentence must be vacated because he received prejudicial ineffective assistance of counsel at sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo claims of ineffective assistance of counsel. *United States v. Mack*, 164 F.3d 467, 471 (9th Cir. 1999). Hernandez's ineffective assistance claim is appropriate for direct review because the claim exclusively relies on statements made in court by Hernandez's attorney, which are contained in the transcript of the sentencing hearing. *See United States v. Swanson*, 943 F.2d 1070, 1072 (9th Cir. 1991).

To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense." *Strickland v.*

---

[**] The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

2

*Washington*, 466 U.S. 668, 687 (1984).  Because we conclude that Hernandez's attorney did not prejudice the defense, we need not consider whether counsel's performance was deficient.  *See Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).

To establish prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

We first assume without deciding that Hernandez's attorney performed incompetently in emphasizing the medical benefits of incarceration.  This error, however, did not prejudice Hernandez.  In sentencing Hernandez at the low end of the advisory Sentencing Guidelines, the judge explicitly stated that the sentence was designed to protect society from Hernandez in light of Hernandez's criminal history.  The judge also stated that the likelihood that Hernandez would receive necessary medical treatment in prison was not a dispositive factor for determining his sentence.  Given Hernandez's extensive criminal record, he has not demonstrated a reasonable probability that, but for counsel's statements about the

benefits of incarceration, the result of the sentencing proceeding would have been different.

**AFFIRMED.**